# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ELIJAH MALACHI X. MOTHERSHED BEY, )
                Plaintiff, )
vs. )
                )   NO. CIV-17-340-HE
CITY OF OKLAHOMA CITY, a )
municipality, and JAMES WATSON, )
police officer, )
                Defendants. )

## ORDER

Plaintiff Elijah Malachi X Mothershed Bey filed this § 1983 action against James Watson, an Oklahoma City police officer, and the City of Oklahoma City ("City"). He asserts he was seized without probable cause and held for twenty-nine days in the Oklahoma County Detention Center. Based on those underlying facts, plaintiff alleges violations of his Fourth and Fourteenth Amendment rights, and also asserts claims under state law.

The City has filed a partial motion to dismiss.[1] When considering whether a plaintiff's claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014).

---

[1] *In his response plaintiff asks the court to grant summary judgment in his favor. The court declines to convert the motion to one for summary judgment, which is premature at this stage of the proceedings. Plaintiff also has not complied with the requirements of the federal and local rules applicable to such a motion. See Fed.R.Civ.P. 56; LCvR56.1.*

All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). Because plaintiff is proceeding *pro se*, the court liberally construes his pleadings. Wilson v. City of Oklahoma City, 447 Fed. Appx. 913, 914 (10th Cir. 2012). Considering the complaint under this standard, the court concludes defendant's motion should be granted.

In the complaint, plaintiff alleges that, on June 7, 2015, his former girlfriend filed a false report of physical abuse with the Oklahoma City Police Department. Plaintiff further alleges that Officer Watson, by omitting pertinent facts from his report to the district attorney's office, submitted a false report which resulted in plaintiff being charged with misdemeanor assault and battery. According to the complaint, plaintiff was arrested for domestic abuse on September 18, 2015, was "unreasonably seized and detained," was incarcerated for ten days and then eventually released on bond. The complaint further alleges that, on December 2, 2015, plaintiff was incarcerated again when a state judge (Judge Hall) found him in indirect contempt of court. Plaintiff alleges the contempt determination was based on his filing a motion to represent himself and that he was incarcerated an additional fourteen days as a result. Doc. #1, p. 4, ¶15.[2] According to the complaint, plaintiff was eventually acquitted by a jury of the domestic abuse charge on January 28, 2016.

---

[2] *Page references to briefs are to the CM/ECF document and page number.*

2

Plaintiff's first cause of action appears to be asserted against the City and against defendant Watson in both his individual and official capacities. It is a § 1983 claim based on alleged violations of plaintiff's Fourth and Fourteenth Amendment rights. His second cause of action asserts claims against the City for false arrest, wrongful imprisonment, malicious prosecution and intentional infliction of emotional distress. These are asserted pursuant to the Governmental Tort Claims Act ("GTCA"), 51 Okla. Stat. §§ 151-172. In his third cause of action, plaintiff asserts a § 1983 claim against the City based on its alleged failure to adequately discipline or train its police officers.

The City seeks to dismiss the "official capacity" claim against defendant Watson on the basis such a claim is actually against the city, that Watson is not a policymaker for the City and because the City is already a defendant. "Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent." Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010). As the City is already a named defendant, an official capacity claim against Officer Watson has no impact and is unnecessary. The purported claim against defendant Watson in his official capacity will therefore be dismissed.

The City also seeks to dismiss any claim based on the Fourteenth Amendment.[3] It argues that while the complaint references both the Fourth and Fourteenth Amendments, the substance of plaintiff's § 1983 claim --- the assertion that there was no probable cause

---

[3] *The City can challenge plaintiff's Fourteenth Amendment claim, which was directed to defendant Watson, because, "[w]hen there is no underlying constitutional violation by a county officer, there cannot be an action for failing to train or supervise the officer." Apodaca v. Rio Arriba Cty. Sheriff's Dep't, 905 F.2d 1445, 1447–48 (10th Cir. 1990).*

for his arrest --- is actually based on the Fourth Amendment.[4]   Plaintiff responds that he "was denied due process of law because James Watson is bias," and that his Fourth and Fourteenth Amendment rights were violated as a result.  Doc. #14, pp. 2, 5.  However, as the City notes, the constitutional claim against defendant Watson is based on the assertion that plaintiff was arrested without probable cause.  Whether the arrest was with or without a warrant, the Fourth Amendment "establishes 'the standards and procedures' governing pretrial detention."  Manuel v. City of Joliet, 137 S.Ct. 911, 914 (2017) (quoting Gerstein v. Pugh, 420 U.S. 103, 111 (1975)).  "[E]ven beyond the start of legal process," the "Fourth Amendment governs a claim for unlawful pretrial detention."  *Id.* at 920.  As the complaint does not allege facts suggesting a due process violation by defendant Watson, plaintiff's claim based on the Fourteenth Amendment will be dismissed.[5]

Finally, the City seeks dismissal of the state law claims for false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress on the basis they are time-barred by the GTCA.  The City argues that, notwithstanding the complaint's allegation of a "timely claim to the City of Oklahoma City," this case was not filed within the time required by the GTCA and the state law claims are therefore barred.  The City contends, and plaintiff does not dispute, that plaintiff's notice of claim was filed

---

[4] *In its Proposition No. IV, the city refers to plaintiff's allegations at ¶23, when it seems to be referring to ¶13, and to the Fourteenth Amendment, when it seems to be referring to the Fourth Amendment.*

[5] *The only allegations which would arguably support a due process claim are those which assert the state judge found the defendant in contempt for trying to represent himself.  However, the judge is not a defendant nor is he a City employee for whose conduct the City might be liable.*

with the City on April 29, 2016.[6] That means, the City argues, that plaintiff's claim was deemed denied on July 28, 2016, and he then had to file suit on the claim within 180 days thereafter. It asserts the 180 days would have run on January 24, 2017, but this case was not filed under March 27, 2017.

The GTCA is the exclusive means by which a plaintiff can recover from a governmental entity for tort violations based on state law. 51 Okla. Stat. § 152.1. The Act requires that a claimant provide the political subdivision with notice of the claim within one year after the tort occurs, and that any lawsuit be filed within 180 days if the claim is denied. If the subdivision fails to act on the claim within 90 days, the claim is deemed denied. *See* 52 Okla. Stat. §§ 156, 157. Compliance with these requirements, including the notice requirement, is jurisdictional as a matter of substantive Oklahoma law. *See* Hall v. GEO Group, Inc., 324 P.3d 399, 400-01 (Okla. 2014).

Plaintiff does not dispute that his GTCA claim was untimely, but argues he "should be allowed tolling due to trailing paperwork." Doc. #14, p. 11. He cites no authority for such an exception from the GTCA's limitations period and "trailing paperwork" is not a recognized statutory basis for tolling. *See e.g.,* 51 Okla. Stat. § 156(E) (90 day tolling period applies to time period for giving written notice of claim to person incapacitated due

---

[6] *Because plaintiff has not disputed that his Notice was untimely, the court has not considered Exhibit 1 attached to the City's brief, although in these circumstances it would be appropriate to do so. Generally a court must exclude materials outside the complaint when reviewing a motion to dismiss. It may, though, consider documents referenced in the complaint that are central to plaintiff's claim if the parties do not dispute their authenticity.* Granite Southlands Town Ctr., LLC v. Provost, *445 Fed. Appx. 72, 74 (10th Cir. 2011) (citing* Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002)).*

5

to injury). As no basis for tolling has been shown, the result is that this case was not commenced within the time limits prescribed by the GTCA. Plaintiff's state law claims against the City are therefore untimely and must be dismissed.[7]

One final matter needs to be addressed. In the complaint plaintiff states that "[t]his action for damages is authorized by laws of the State of Oklahoma, in particular Article 2 Section 30 of the Oklahoma Constitution," Doc. #1, p. 2, ¶5. This is the provision of the Oklahoma Constitution pertaining to unreasonable searches and seizures. In his response to the City's motion to dismiss, plaintiff also refers to art. 2, § 7 of the Oklahoma Constitution, which pertains to due process. In Bosh v. Cherokee Cnty. Bldg. Auth., 305 P.3d 994, 1001 (2013) the Oklahoma Supreme Court recognized a private right of action against a governmental entity for excessive force based on Art. 2, § 30 of the Oklahoma Constitution, notwithstanding the limitations of the Governmental Tort Claims Act. This court has concluded that Bosh should be narrowly interpreted and applied only to excessive force claims. *See* Hedger. v. Kramer, 2013 WL 5873348, at *3 (W.D.Okla. Oct. 30, 2013), *appeal filed* (10th Cir. Sept. 14, 2016). Bosh does not serve to create a private right of action for all claims arguably arising under the Oklahoma Constitution. Therefore, lacking a basis for a private right of action separate and apart from the GTCA, the court *sua sponte* dismisses plaintiff's claim based on Okla. Const. art. 2, § 30.[8]

---

[7] *Because the state law claims against the City are barred as non-timely, it is unnecessary to address the City's further argument that certain of them would be barred as outside the scope of Officer Watson's employment*

[8] *In his response to the City's motion to dismiss, plaintiff also refers to Okla. Const. art. 2, § 7, which pertains to due process. However, the complaint does not assert a claim under that*

Accordingly, the City's partial motion to dismiss [Doc. #12] is granted. Plaintiff's claims against defendant Watson in his official capacity and his claims based on the Fourteenth Amendment and Okla. Const. art. 2, § 30 are dismissed. Plaintiff's state law claims asserted against the City under the GTCA also are dismissed. Remaining for resolution are plaintiff's § 1983 claim against the City based on the Fourth Amendment, as well as the § 1983 claim against defendant Watson in his individual capacity and any state law claims asserted against him.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

*section of the Oklahoma Constitution and, if it had, it would similarly be subject to dismissal based on the limited scope of* <u>Bosh</u> *and its rationale.*